ALBANY,
Feb. 1832.

The People
v.
Ulster C. P.

---

The People, on the relation of Rait, *vs.* Ulster C. P.

*Papers required to be served on a justice on making an appeal, may be serv in his absence, on a member of his family of suitable age.*

February 9.

Motion for a mandamus. On the *fifteenth* day of December, 1829, the relator obtained a judgment on verdict in a justice's court against one Brown. On the *twenty-fifth* day of December, an agent of Brown proceeded to the residence of the justice, for the purpose of giving notice of an appeal to the Ulster common pleas. The justice was absent from home, and the agent delivered a notice of appeal, and a bond required in such cases, to the daughter of the justice, and paid to her the costs in the justice's court and $\frac{75}{100}$ for making a return to the common pleas, and requested her to hand the

papers and money to her father on his return home. The justice returned on the *twenty-sixth* day of December, when the papers and money were handed to him. On this state of facts, the appellee moved to quash the appeal, on the ground that notice had not been given to the justice *personally* within *ten* days after the rendition of the judgment, and that the daughter of the justice, not having been authorized by her father to receive the notice, the delivery of it to her was unavailing. The common pleas denied the motion, and the court is asked for a *mandamus* requiring them to quash the appeal.

*By the Court,* SAVAGE, Ch. J. The common pleas did right in refusing to quash the appeal. Notice of appeal left with a member of the family of the justice of suitable age, in his absence, is sufficient. This case is within the principle of the decision in 7 *Cowen,* 487; the only distinguishable feature is, that there the wife of the justice was expressly authorized by her husband to receive the notice, Whether such authority be given or not, is not material. The motion for a mandamus is refused.